William F. DAVIS, III, Appellant

v.

CORRECTIONAL MEDICAL SER-
VICES; Nurse Ben Abiona, individu-
ally and in his official capacity; Crys-
tal E. Heath, individually and in her
official capacity; Supervisor Ron
Hosterman.

No. 11–1282.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 June 9, 2011.

Opinion filed: July 7, 2011.

William F. Davis, III, Smyrna, DE, pro
se.

Ryan P. Connell, Esq., Stacey X. Stew-
art, Esq., Department of Justice, Daniel A.
Griffith, Esq., Scott G. Wilcox, Esq.,
Whiteford, Taylor & Preston, Wilmington,
DE, for Defendants.

Before: RENDELL, FUENTES and
SMITH, Circuit Judges.

OPINION

PER CURIAM.

William F. Davis, III, a Delaware state
prisoner proceeding pro se, appeals from
the District Court's January 13, 2011 order
dismissing his civil rights claims as to one
defendant, and granting summary judg-
ment in favor of the remaining defendants.

For the reasons that follow, we will sum-
marily affirm.

I.

Because we write for the parties, who
are familiar with the background of this
case, we discuss the events leading to this
appeal only briefly. In November 2008,
Davis, an inmate at the James T. Vaughn
Correctional Center in Smyrna, Delaware,
commenced this action by filing a pro se
complaint in the District Court pursuant to
42 U.S.C. § 1983. The complaint, brought
against Correctional Medical Services
("CMS"), nurse Ben Abiona, mental health
counselor Crystal Heath, Corporal Daniel
Barrett, Sergeant Hughes, and Correction-
al Officers Lindsey and White, raised mul-
tiple failure-to-protect claims and alleged
that Davis's medical and mental health
needs had not been met.

In January 2009, the District Court, act-
ing sua sponte, dismissed all but one of the
failure-to-protect claims as frivolous pursu-
ant to 28 U.S.C. §§ 1915(e)(2)(B) and
1915A(b)(1). The lone surviving failure-to-
protect claim was directed against Barrett.
The court also concluded that Davis's med-
ical and mental health needs claims, which
were directed against CMS, Abiona, and
Heath (hereinafter collectively referred to
as the "CMS Defendants"), could proceed.
Davis subsequently dismissed his claim
against Barrett voluntarily, and obtained
the District Court's permission to amend
his complaint to add prison supervisor Ron
Hosterman as a defendant.

Hosterman ultimately moved to dismiss
the claims against him pursuant to Fed.
R.Civ.P. 12(b)(6). Shortly thereafter,
Davis, without the court's permission,
amended his claims against Hosterman,
who, in turn, moved to strike this new
pleading. Around that same time, the
CMS Defendants moved for summary
judgment.

On January 13, 2011, the District Court entered an order granting Hosterman's motion to strike, his motion to dismiss, and the CMS Defendants' motion for summary judgment. In doing so, the court concluded that Davis's original claims against Hosterman, which included allegations that Hosterman had failed to investigate or respond to a letter written by Davis, failed to allege a constitutional violation. The court further concluded that Davis's attempt to amend those allegations had been futile. As for the claims against the CMS Defendants, the court held that Davis's medical negligence claims failed to comply with Delaware law, his mental health treatment claims were unexhausted, and he had not shown that the CMS Defendants had been deliberately indifferent to a serious medical need in violation of the Eighth Amendment. This appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's decision to grant a motion to dismiss or a motion for summary judgment. *Gallo v. City of Phila.*, 161 F.3d 217, 221 (3d Cir. 1998). Additionally, a district court's decision to grant a motion to strike a pleading will not be disturbed absent an abuse of discretion. *See, e.g., Hatchett v. United States*, 330 F.3d 875, 887 (6th Cir.2003); *United States v. One Parcel of Prop. Located at R.R. 2*, 959 F.2d 101, 104 (8th Cir.1992); *cf. In re Fine Paper Antitrust Litig.*, 751 F.2d 603, 604 (3d Cir.1984) (applying abuse of discretion standard in reviewing district court's denial of motion to strike a particular allegation from a pleading).

Having examined the record before the District Court, and for substantially the reasons set forth in the District Court's memorandum opinion entered on January 13, 2011, we agree with the court's disposition of the claims against Hosterman and the CMS Defendants.[1] Because this appeal does not present a substantial question, we will summarily affirm the District Court's January 13, 2011 order. *See* 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. Davis's motion for appointment of counsel is denied.

---

1. Davis does not challenge the District Court's earlier dismissal of the claims against

Hughes, Lindsey, and White.